Eastern District of Kentucky
FILED
NOV 0 9 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-232-JMH

MANUEL NINO TREVINO     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, WARDEN     RESPONDENT

    Manuel Nino Trevino, an inmate in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. After his accompanying motion to proceed *in forma pauperis* was denied, he paid the $5.00 habeas filing fee.

    The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

    The petitioner claims that the United States Parole Commission ("USPC") violated his due process rights when it did not hold a preliminary hearing as to his purported parole violations; let a period of 8 years elapse between lodging its warrant as a detainer in 1997 and executing the warrant in 2005; and then waited another 6 months before holding his parole revocation hearing.

FACTUAL ALLEGATIONS

    The following is a summary or construction of the allegations contained in Trevino's petition

and attached exhibits.

The petitioner gives his criminal history as beginning on August 15, 1997, in the United States District Court for the Western District of Texas, where he was sentenced to 12 years' imprisonment for conspiracy to possess with intent to distribute heroin. He states that he served five years and was paroled in September of 1982. He does not provide any information which would explain the conflict between these 1997 and 1982 dates.

In 1987, Trevino next alleges, he was convicted of conspiracy to possess with intent to distribute cocaine in the United States District Court for the Northern District of Georgia. He was sentenced to 10 years' imprisonment, with a mandatory 5 years to be served before parole. At the end of the 5 years, he served 24 months for violating his earlier parole, presumably by committing the new criminal conduct. The petitioner states that he was released in 1994.

Evidently, Trevino's criminal conduct continued. In August of 1997, three events occurred. Early in the month, his Probation Officer from the Northern District of Georgia issued a parole violation warrant based upon the petitioner's new violation(s) of Georgia law. Shortly thereafter, in a Georgia state court, he was convicted of possession with intent to distribute marijuana and possession of a firearm by a convicted felon, for which he was sentenced to 20 years in a Georgia penitentiary. By a letter dated August 14, 1997, the petitioner's Probation Officer notified the USPC of the conviction. As a consequence, a parole detainer was placed on him at the state prison.

On September 13, 2005, the petitioner was released from the state sentence and the parole violation warrant was executed. He complains that he was then held in custody for 6 months before he was given his "first, and only, parole violation hearing on April 11, 2006." After that parole revocation hearing, at which Trevino admitted to the parole violations, the USPC issued its April 20th

notice of action, a copy of which is attached to the instant petition.

In the notice of action, the USPC revoked Trevino's parole, decided that no time spent on parole would be credited to him, and ordered "[r]e-parole effective July 6, 2006, after service of 107 months." In the "Reasons" section of the decision, the USPC first determined the petitioner's salient factor score and then wrote as follows:

> As of April 6, 2006, you have been in confinement as a result of your violation behavior for a total of 104 month(s). Guidelines established by the Commission indicate a customary range of 34-44 months to be served before release. After review of all relevant factors and information, a decision above the guidelines is warranted because you have been in custody for approximately 104 months at the time of your hearing. Additional time is needed for release planning purpose.

Notice of Action, dated April 20, 2006.

A Notice of Action of June 30, 2006, also attached herein, contains the USPC's later decision: "Reopen and retard parole effective date of July 6, 2006 by 60 days and Parole effective on September 4, 2006. Add Drug Aftercare as a special condition." In the "Reasons" section this time, the USPC gave the petitioner credit for his "good institutional adjustment. Additional time, however, is need to develop a satisfactory release plan."

Claiming that he has never appealed any of the courts' or USPC's decisions, the petitioner filed the instant petition to complain of purported violations of his due process rights in these latest parole proceedings.

## DISCUSSION

The petitioner fails to state a claim upon which the Court may grant relief. He points to no authority to support his due process complaints. In fact, the law is to the contrary.

3

With regard to the 8-year wait from the time of his 1997 Georgia conviction until his release from the Georgia prison in 2005, the controlling law has been defined by the United States Supreme Court in *Moody v. Daggett*, 429 U.S. 78 (1976). The Court held that the mere lodging of a detainer against a prisoner does not violate due process, even if it has an adverse impact on his eligibility for institutional programs. *Id.* at 78. The High Court specifically held that the USPC did not deprive a petitioner of due process when it waited until the end of the petitioner's state sentence on the underlying convictions to execute a parole violator warrant and hold a hearing. *Id.*

Consequently, the federal courts have routinely upheld federal parole authorities' decisions to lodge a violation warrant as a detainer, postponing the execution of the warrant and a revocation hearing until after the parolee's release from the sentence imposed on the conviction which is the basis of the warrant. *See, e.g., Brundage v. Snyder,* 27 Fed. Appx. 572 (6th Cir. 2001); *Santiago-Fraticelli,* 221 F.3d 1336, 2000 WL 924602 (6th Cir. 2000) (unpublished); *Bennett v. Bogan,* 66 F.3d 812, 818 (6th Cir. 1995), *cert. denied.,* 512 U.S. 1150 (1996). The instant petitioner's complaints that the warrant was not executed until his release, therefore, fails to state a due process claim.

As to there being no preliminary hearing before his parole revocation hearing, the petitioner claims that this is a violation of *Morrissey v. Brewer*, 408 U.S. 471 (1972). It is true that the Supreme Court in *Morrissey* directed that due process required a two-step approach to parole revocation. First there must be an initial inquiry "*in the nature of* a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.* at 485 (emphasis added).

4

However, in the case *sub judice*, there was no need for such a preliminary hearing because Petitioner Trevino was convicted of criminal acts committed during the parole period. This certainly was sufficient evidence to support a finding of probable cause that he had violated a condition of his parole. *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993).

Nor was there a violation of *Morrissey* with regard to the second step in this petitioner's revocation of parole, *i.e.*, the revocation hearing. With regard to this final step, the Supreme Court held that the minimum requirements of due process include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 488-89. The petitioner herein has not alleged that he was denied any of these procedures. Therefore, he has not stated a due process violation with regard to the revocation hearing. *See also Dietz v. Sanders*, 100 Fed.Appx. 334, 339 (6th Cir. 2004) (unpublished).

Nor is there any illegality in the USPC's postponing or retarding a parole date. The pertinent parole regulation, 28 C.F.R. §283, <u>Release Planning</u>, requires that "[a]ll grants of parole shall be conditioned on the development of a suitable release plan and the approval of that plan by the Commission." 28 C.F.R. §283(a). Further, the regulation specifically provides for retarding a parole date if there is no release plan for the prisoner: "A Commissioner may retard a parole date for purposes of release planning for up to 120 days without a hearing. . . ." 28 C.F.R. §283(d).

In this case, when Trevino's parole date was retarded for 60 days, the USPC's notice of action cited to the release plan requirement, deciding "pursuant to 28 C.F.R. §2.83(d): Reopen and retard parole effective date . . . ." *See Smith v. Figueroa*, 2005 WL 3211451 (D.D.C. 2005) (unpublished) (unsuccessful challenge to a decision wherein the USPC retarded parole twice, one postponement being "pursuant to 28 C.F.R. §283 for the purpose of developing a suitable release plan.").

Trevino has failed to establish any illegality in the revocation proceedings at issue herein. A federal court may not overturn a decision by the USP "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." *McKinnon v. Conner*, 120 Fed.Appx. 280, 283 (10th Cir. 2005). No such showing has been made herein. Additionally, there is nothing in the challenged parole proceeding that shocks the conscience of the Court.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Manuel Nino Trevino's petition for writ of habeas corpus is **DENIED**. This action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 9th day of November, 2006.

JOSEPH M. HOOD, CHIEF JUDGE